NINTH NAT. BANK OF THE CITY OF NEW YORK *v.* RALLS Co., in the State of Missouri.[1]

*(Circuit Court, E. D. Missouri. April 29, 1884.)*

1. MUNICIPAL BONDS—REAL PARTY IN INTEREST—JURISDICTION—EVIDENCE.
   Where, in a suit upon municipal bonds, the defendant pleads that the plaintiff is not the real party in interest, the production of the bonds by the plaintiff is *prima facie* proof that he is the legal holder; and it then devolves upon the defendant to prove that the bonds have been transferred to the plaintiff collusively, or without value, in a way to operate a fraud upon the jurisdiction of the United States courts.

2. SAME.
   Where the proof is that the bonds were transferred to the plaintiff to secure existing and accruing indebtedness to him, he is the real party in interest for the purpose of maintaining a suit thereon, irrespective of the rights of parties *inter sese* prior to the transfer.

At Law.

This was an action upon certain coupon bonds alleged to have been issued by the defendant and to be owned by the plaintiff. The defendant by its answer denies the allegations of the petition, and alleges that the plaintiff is not the real party in interest.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

*J. B. Henderson* and *James M. Lewis* for plaintiff.

*Henry A. Cunningham* for defendant.

TREAT, J. This case being tried without the intervention of a jury, the court finds that the bonds and coupons sued on were duly executed by the defendant. By receiving full proof of the execution thereof, it became unnecessary to decide whether said bonds, being under the defendant's corporate seal, did not prove themselves, despite the local statutes, and without the detailed proof made. The court further finds, under the objection of plaintiff as to the competency of evidence thereto, the same having been heard, that the facts as proved are: That said bonds and coupons are the real property of one Hardin, a citizen of Missouri, who had deposited the same for collection with a bank in said state; that said bank transferred the same to the plaintiff in this case as collateral to indebtedness then existing between said bank, and for the personal indebtedness of the president of said bank, and for accruing indebtedness, the amount of which was largely in excess of said bonds and coupons at the date of suit brought, and at the time of said transfer.

As the plaintiff bank held such bonds and coupons as collateral under the general facts stated, and produced the same as holder thereof, the court received the same as if the plaintiff was the innocent holder, despite inquiry as to the antecedent rights of prior parties. The evidence with respect thereto has been received under objection, in order that the proposition of law involved may be fully considered; that is, when defendant pleads that the plaintiff is not the real party in interest, what should be the proper course of proceeding? The court holds that the production of the bonds and coupons by plaintiff shows *prima facie* that it is the legal holder thereof; that it devolves upon the defendant to prove that the transfer to plaintiff was collusive, or without value, in a way to operate a fraud upon the jurisdiction of the United States court. When the proof is that the transfer is for value to secure existing and accruing indebtedness to the plaintiff, the latter is the real party in interest for the purpose of maintaining the suit, irrespective of the rights of parties *inter sese* prior to said transfer.

Judgment for plaintiff.